UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SHEILA FELDER, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY
(dba) JACKSON HEALTH SYSTEM(dba) JACKSON
MEMORIAL HOSPITAL

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, SHEILA FELDER("Plaintiff" or "Felder")on her own behalf and those similarly situated current and former employees of Defendants, hereby files the instant action pursuant to the Fair labor Standards Act of 1938, as amended 29 U.S.C §201 et seq., (hereinafter the "FLSA").

The instant action Is filed as a proposed "opt-in" FLSA collective action which includes both overtime and federal minimum wage claims against Defendants, THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY("Defendant" or "Public Trust") (dba) JACKSON HEALTH SYSTEM("Defendant" or "JHS")(dba) JACKSON MEMORIAL HOSPITAL("Defendant" or Jackson")(collectively hereinafter, "Defendants" or Jackson") as joint employers, and Plaintiff states as follows:

### OVERVIEW

1. Plaintiff and those similarly situated are current and former hourly paid employees who worked for Defendants in Florida.

2. This two-count Complaint is brought on behalf of Plaintiff and all other similarly situated who worked for the Defendants and brings causes of action for:

Count I: a proposed "opt-in" collective action for the recovery of unpaid overtime wages pursuant to the 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. § 201 *et seq*., and:

Count II: a proposed "opt-in" collective action for the recovery of unpaid minimum wages pursuant to the 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. § 201 *et seq*.;

3. Plaintiff brings her FLSA overtime and minimum wage claims (Counts I and II) as a proposed 29 U.S.C. § 216(b) "opt-in" collective action and seeks to recover unpaid wages, unpaid overtime wages, liquidated damages, declaratory relief and reasonable attorneys' fees and costs on behalf of herself and all similarly situated employees who opt-in to the class and who worked for Defendants within Florida within the three (3) years preceding the filing of this action (the "Collective Action Class").

4. Plaintiff knows of (and undersigned counsel currently represent) numerous other similarly situated individuals who are interested in opting into the collective class proposed via this action, who are similarly situated to Plaintiff, and who are interested in the creation of an FLSA collective action with Court-supervised notice of opt-in rights to all others similarly situated.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

6. Venue is proper for the United States District Court for the Southern District of Florida because:

(a) Plaintiff has been employed in the Southern District of Florida by Defendants, which at all times material, conducted, and continues to conduct, substantial business in the Southern District of Florida; and

(b) Additionally, venue lies pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within the Southern District of Florida, and because Defendants are subject to personal jurisdiction there.

## PARTIES

### A. Plaintiff

7. Plaintiff and those similarly situated to her are *sui juris* adult individuals who are current or former employees of Defendants who worked for Defendants as "hourly" paid employees within the three (3) years preceding the filing off this Complaint.

8. Plaintiff is currently a citizen of the State of Florida.

9. Plaintiff has worked for Defendants as an hourly paid employee in Miami-Dade County, Florida at various times within the last three (3) years.

10. At all times material hereto, Plaintiff was an employee who performed services on behalf of Defendant in Miami-Dade County, Florida.

11. Plaintiff works for Defendant from approximately October 2002 through the present.

12. Upon information and belief, Plaintiff is employed full-time and has always been paid an hourly rate, which changed throughout her employment.

13. Plaintiff's written consent to be a named Plaintiff in this action is attached as Exhibit A.

### B. Defendants

14. Defendant, The Public Health Trust of Miami-Dade County(dba) Jackson Health System (dba) Jackson Memorial Hospital, ("Jackson" or "Defendant")doing business in Miami-

Dade County, with its principal place of business located at 1611 NW 12th Avenue, Miami, Florida.

15. Defendant holds itself out to the public as follows via its website:

**About Jackson Memorial Hospital**

"Since 1952, the Public Health Trust has had a basic affiliation agreement with the University of Miami Leonard M. Miller School of Medicine, supplemented by an annual operating agreement, which sets forth the responsibilities of and the services to be provided by each party.

With more than **1,550 licensed beds**, Jackson Memorial Hospital is both a referral center and a magnet for medical research.

Of the **nearly 1,000 full-time faculty members** of the medical school, **more than 600 are doctors** engaged in clinical practice who have been granted medical staff privileges and can admit patients to Jackson Memorial Hospital.

While Jackson Memorial and the University of Miami operate as independent institutions, many of the services and programs offered at the hospital and medical school have become closely integrated. This relationship has enabled Jackson Memorial to develop as a major tertiary care center, benefiting both the community and the region it serves."

Why is Jackson Memorial Hospital a regional resource for specialized care? We're home to:

- Ryder Trauma Center
- Miami Burn Center
- The Schatzi and Stanley Kassal Project: Newborn Neonatal Intensive Care Unit at Holtz Children's Hospital
- The Miami Transplant Institute
- The new Christine E. Lynn Rehabilitation Center for the Miami Project to Cure Paralysis at UHealth/Jackson Memorial
- UHealth Jackson Critical Care Pavilion

*See* https://jacksonhealth.org/locations/jackson-memorial-hospital/(last visited on February 25, 2025).

16. Plaintiff reserved the right to amend her pleadings to include these or any other companies under which Defendants may conduct business or which may be joint/integrated employers or companies engaged with the Corporate Defendants in a joint enterprise.

17. Jackson operated in Miami, Florida and upon information and belief, is an accredited, tax-assisted, teaching hospital as well as an integrated healthcare system, which

consists of several primary care and specialty care centers, long-term nursing facilities as well as a network of mental health facilities; and at least six other hospitals.

18. Upon information and belief, the wage and hour and all related employee compensation policies of Jackson and all its entities are centrally controlled.

19. For Example, Plaintiff's paycheck is from "Public Health Trust" and "Jackson Health System."

20. Upon information and belief, Jackson and its "doing business as" (dba) entities share common ownership, management and employees and should be considered joint employers.

21. As such, for purposes of this Complaint, Jackson and all its and its "doing business as" (dba) entities are hereinafter collectively referred to as "Defendant."

22. At all times relevant, each Defendant constituted and are "employers" within the meaning of the FLSA and were the employer(s) of Plaintiff and other similarly situated employees in Florida.

23. At all times relevant, each Defendant constituted an "employer" within the meaning of the FLSA.

24. At all times relevant hereto, each Defendant was an enterprise engaged in commerce.

25. At all times relevant hereto, each Defendant was an enterprise engaged in the production of good for commerce.

26. At all times relevant Defendants collectively were and are corporate enterprises engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. 203 (r) and (s).

27. At all times relevant hereto, the gross sales revenue of Defendants each was in

excess of $500,000.00 per annum.

28. At all times relevant hereto, Defendants' gross sales revenue was more than $500,000.00 per annum collectively.

29. Upon information at all times relevant hereto, Defendants' gross revenue exceeded $500 million dollars in 2024.

30. At all times relevant hereto, each Defendant had two or more employees.

31. At all times relevant hereto, Defendants collectively had two or more employees.

32. At all times relevant hereto, Defendants constituted and continue to constitute a joint enterprise and/or integrated enterprise, as defined by the FLSA.

33. Defendants operate under a common scheme, plan, organization, branding, with the same principles and are otherwise intertwined or interdependent such that they create a common employer under the law and the total revenues for each would be included to determine whether they are an enterprise engaged in interstate commerce and subject to the FLSA. Defendants exist for the common business purpose of providing temporary, daily, and contract labor to their corporate, institutional and governmental clients.

## GENERAL FACTUAL ALLEGATIONS

34. Plaintiff is a *sui juris* adult individual who currently resides within Miami-Dade County, Florida. She worked for Defendants in Miami-Dade County at all times within the three (3) years preceding the filing of this action.

35. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for Defendants' failure to pay Plaintiff and other current and former similarly situated employees ("class members") unpaid wages and overtime wages for all time worked more than forty (40) hours in a workweek in violation of the FLSA by: (a) by not paying Plaintiff and the

class members proper overtime for "on-call" hours; and (b) automatic lunch deductions and brings this suit as a collective action under Section 216(b) of the FLSA.

36. All non-exempt employees who work for Defendant were subject to an automatic lunch break deduction, even when these employees performed compensable work during their meal breaks. These employees include, but are not limited to, therapists, nurses, housekeepers, nurses' aides, case managers and office personnel.

37. Plaintiff and the other class members are not relieved of their work duties during their uncompensated 'meal breaks."

38. Plaintiff and the other class members are routinely required to complete orders on patients, answer calls were required to remain accessible during these uncompensated "meal breaks."

39. Plaintiff and the other class members were subjected to the same provisions in that they were all automatically deducted thirty (30) minutes per day for one or more automatic meal break(s), and although Plaintiff and class members did not actually take these breaks[1].

40. Additionally, "on-call" hours were not all paid at time and a half Plaintiff's and the class members regular rate of pay.

41. The Class Members are all of the Defendant's current and former restaurant workers who were no paid proper overtime at any time during the three years prior to filing this Complaint through the present.

42. Defendant failed to compensate Plaintiff and other similarly situated non-exempt hourly paid employees at time and one half for all overtime hours worked over forty(40) each work

---

[1] This is not the first time a case has been filed against Defendant Jackson for the automatic meal break deduction. See Case entitled, Wilhemina Brandt v The Public Health Trust of Miami-Dade County (dba) Jackson Health System, et al. Case No. 1:10-cv-22376-KMM, in the Southern District of Florida.

week.

43. Defendant hired Plaintiff as a non-exempt, hourly paid employee who works in the Transplant Finance Department. Plaintiff began working for Defendant in October 2002.

44. Plaintiff's job duties in the Transplant Finance Department include but are not limited to obtaining authorizations for certain procedures such as colonoscopies, biopsies, answer calls for patients concerning authorizations, deductibles, co-pays, answer emails and scanning.

45. Plaintiff's duties while on-call for the transplant donor department include answering calls from the donor desk, for several potential transplant patients at the same time, verifying the potential transplant patients have active, current authorizations for transplant surgery, sending emails to the donor desk stating patients are financially cleared for organ transplant, enter note in the patients screen that is cleared for transplant, and send emails to financial coordinator so they can obtain patient authorizations.

46. During the relevant time period, Plaintiff's regularly scheduled hours are and were Monday through Friday from 8:30 a.m. through 5:00 p.m., plus on-call hours, for a total of 42.5 hours.

47. Defendant automatically deducts a thirty(30) minute lunch break from Plaintiff and other class members each workweek to bring the hours to forty or below, depending on the number of days worked during the pay period.

48. Defendant paid and continues to pay Plaintiff and other class members who work/worked "on-call" during the relevant time, the hourly rate(s) of $3.13 per hour and $5.62 per hour. Additionally, the on-call hours were not added to the total hours worked in each work week[2].

---

[2] In 2022, Jackson's "Labor" department along with HR for Jackson was notified of the pay violation regarding on-call time not being paid properly and employees were told to try to keep track of all hours worked moving forward in

49. Plaintiff is and was required to be on-call every day from when she clocks out each day until she clocks in the next day.  She was also on-call every weekend over the duration of her employment with Defendant, unless she was on vacation.

50. Additionally, Plaintiff would work on-call every six to eight weeks for two weeks at a time.

51. Due to the serious nature of donor transplants, the Plaintiff must quickly verify all current information and insurance for potential recipients.

52. Plaintiff would be required to respond to an initial call immediately and always have her cell phone accessible, which includes having or be near a Wi-Fi connection.

53. As a consequence of working on-call for the Transplant Department, due to the nature of the work, Plaintiff had to avoid travel at times.

54. Throughout her employment with Defendant, Plaintiff was paid an hourly rate and a premium overtime rate for some, not all, of the hours she worked over (40) in a given week.

55. Plaintiff was and is closely monitored by Defendant's managers and supervisors.

56. Plaintiff followed procedures established by Defendant and did as she was instructed to do.

57. The defendant's primary value to the plaintiff was her services as a non-exempt employee; any "managerial" duties were non-existent.

58. Throughout Plaintiff's employment, Defendant regularly required and scheduled Plaintiff to work in excess of forty (40) hours per week.

---

order to be paid properly. Upon information and belief, Jackson did not keep proper time records.  In approximately, February 2023, Jackson held a zoom meeting with several employees and agreed to pay on-call employees' proper overtime for all hours worked over forty per workweek, and HR agreed to pay all on-call employees two years back pay for all time and overtime owed.  To date, Jackson never paid the agreed back pay owed to any on-call employees.

59. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendant.

60. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to pay her for all overtime including on-call time worked properly.

61. Furthermore, Plaintiff should have been compensated at the rate of one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

62. Plaintiff and others similarly situated ordinarily and regularly worked well over 40 hours per week for Defendants, and were not properly compensated for all overtime hours worked, as a result of: (a) Defendants' systematic failure to pay Plaintiff for all hours worked each workweek; (b) Defendants' systematic failure to pay Plaintiff her regular rate of pay "free and clear" of impermissible deductions; and (c) Defendants' systematic failure to pay Plaintiff at a rate equal to or great than the applicable minimum wage.

63. Additionally, Defendants regularly and routinely shorted the overtime pay of Plaintiff and others similarly situated by improperly calculating the employees' weekly overtime pay rates in violation of the FLSA and 29 C.F.R. §778.115.

64. Plaintiff and others similarly situated often were paid different hourly rates on different days within the same workweek.

65. Despite the requirements of 29 C.F.R. §778.115, Defendants deliberately violated this regulation by often calculating the overtime rate using the lowest hourly rate paid during a given workweek in weeks in which workers worked at two or more different pay rates in the same workweek.

66. Upon information and belief, Defendants engaged in this practice (using a lower

hourly rate than the required weighted average in workweeks where employees' hourly pay rates fluctuated) as a deliberate and illegal cost savings measure that, when implemented over years and across thousands of workers, resulted and continues to result in a significant underpayment of wages to Defendants' workers.

67. Furthermore, the U.S. Department of Labor-approved poster employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and therefore the applicable statute of limitation should be equitably tolled as to Plaintiffs and those similarly situated. *See, e.g., Cruz v. Maypa,* 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

68. Defendants failed to properly pay Plaintiff and all other similarly situated employees proper overtime compensation. The records reflecting this, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees, should be in the possession and custody of Defendants. Thus, Plaintiff is unable to determine and state the exact amount of damages due at this time.

### COLLECTIVE ACTION REPRESENTATION ALLEGATIONS
### (as to Counts I and II)

69. Plaintiff and those similarly situated to them are all "unskilled" general laborers who were employed by Defendants at various times during the three (3) years preceding the filing of this action and performed substantially the same or similar job duties as one another regardless of the location or job site at which they worked.

70. Plaintiff and those similarly situated were subjected to the same pay practices and policies detailed herein. Thus all potential opt-in plaintiffs are owed minimum wages and overtime wages for the same reasons as Plaintiff.

71. Plaintiff and those similarly situated are/were hourly employees of Defendants' who were employed during workweeks worked during the three (3) years preceding the filing of this action.

72. These policies and/or practices were applied to Plaintiff as well as the proposed class members. Application of these policies and/or practices did not depend on the personal circumstances of Plaintiff or others similarly situated nor on the location at which they worked for Defendants. Rather, the same policies and/or practices which resulted in the non-payment or under-payment of overtime wages to Plaintiff applied to all class members.

73. Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> **All hourly-paid employees employed within the three years preceding the filing of this action by Defendant, whose pay was subject to an automatic meal period deduction even when they performed compensable work during the unpaid meal break and/or who were not paid proper overtime for on-call hours.**

74. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay minimum wages and overtime compensation with respect to Plaintiff and the proposed class members.

75. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices with respect to Plaintiff and those similarly situated: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or

(d) the Code of Federal Regulations.

76. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

77. Defendants have acted willfully in failing to pay Plaintiff and the potential class members in accordance with the law.

78. At all times relevant, Defendants failed to maintain accurate records of the actual start time, stop time, total hours worked each day, and total number of hours worked each week by Plaintiff and the other similarly situated employees for each and every workweek within the three (3) year statute of limitations period.

79. Plaintiff has retained the undersigned legal counsel to prosecute this action on her behalf and on behalf of all other similarly situated employees, and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

80. Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Plaintiff and/or any other similarly situated employees prevail in this action, pursuant to the FLSA.

## COUNT I
## VIOLATIONS OF 29 U.S.C. §§ 207, 216(b)
## (OVERTIME COMPENSATION)

81. Plaintiff reincorporates, re-avers and re-adopts all Paragraphs of this Complaint as if fully set forth herein.

82. Plaintiff and those similarly situated employees are/were entitled to be paid,

83. pursuant to the FLSA, at the rate of time and one-half of their effective regular rate for the hours that they worked in excess of forty (40) hours in any workweek.

84. Additionally, they are/were entitled to be paid their regular hourly rate for all straight time hours they worked for Defendants, in all weeks in which they worked over forty (40) hours in a workweek.

84. Due to intentional, willful, and unlawful acts of Defendants, Plaintiff and others similarly situated have suffered damages in lost compensation for the time they worked over forty (40) hours per week without receiving overtime compensation.

85. During their employment with Defendants, Plaintiff and those similarly situated employees were not paid all overtime compensation due under the FLSA.

86. Defendants knew their failure to do so was in violation of the FLSA.

87. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees all overtime compensation due, Plaintiff and similarly situated employees have suffered damages, including unpaid straight time, unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against Defendants:

    a. Declaring that Defendants have violated the overtime wage provisions of the FLSA;

    b. As to Plaintiff and others similarly situated:

        i. Awarding overtime compensation in amounts to be calculated;

        ii. Awarding liquidated damages in an equal amount to the overtime wages

awarded;

   iii.   Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

   iv.   Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   v.   Awarding post-judgment interest; and

   vi.   Ordering any other and further relief this Court deems to be just and proper

**COUNT II**
**VIOLATIONS OF 29 U.S.C. §§ 206, 216(b):**
**(MINIMUM WAGES)**

88.   Plaintiff reincorporates, re-avers and re-adopts all Paragraphs 1-119 of this Complaint as if fully set forth herein.

89.   Plaintiff and those similarly situated employees are/were entitled to be paid the applicable minimum wage for each workweek that they worked for Defendants.

90.   Due to intentional, willful, and unlawful acts of Defendants, Plaintiff and others similarly situated have suffered damages in lost compensation for the time they worked for Defendants but were not paid the applicable minimum wage.

91.   Defendants' failure to pay Plaintiff and others similarly situated at least the applicable minimum wage for all workweeks is a violation of 29 U.S.C. §206.

92.   Defendants did not have a good faith basis for their failure to pay Plaintiffs and those similarly situated employees the applicable minimum wage, and in fact knew their failure to do so was in violation of the FLSA.

93.   As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete minimum wages due, Plaintiff and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated

damages, interest, reasonable attorneys' fees and costs.

94. As a result of Defendants' willful violations of the minimum wage requirements of the FLSA, Plaintiff and those similarly situated employees are entitled to recover liquidated damages.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against Defendants:

    a. Declaring that Defendants have violated the minimum wage provisions of the FLSA;

    b. As to Plaintiff and others similarly situated:

        i. Awarding minimum wage compensation in amounts to be calculated;

        ii. Awarding liquidated damages in an equal amount to the wages awarded;

        iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

        iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

        v. Awarding post-judgment interest; and

        vi. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and others similarly situated and on behalf of prospective collective action members, demands a trial by jury on all issues so triable.

Dated 25th day of February 2025

                Respectfully Submitted,

                ***/s/ Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                7951 SW 6th Street, Suite 316
                Plantation, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-277
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*